IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:25-CV-242-M-KS

| | |
|---|---|
| CHRISTINE THOMAS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> US DEP'T OF JUSTICE/BUREAU OF ) <br> ALCOHOL, TOBACCO, FIREARMS, ) <br> AND EXPLOSIVES, and PAMELA ) <br> BONDI, Attorney General, US Dep't of ) <br> Justice/Bureau of Alcohol, Tobacco, ) <br> Firearms, and Explosives, in her official ) <br> capacity, and TIMOTHY LANG, ) <br> ERNEST LITTNER, MARK JACKSON, ) <br> WADE BRASHIER, and JOSEPH ) <br> MASTRIANNA, in their individual ) <br> capacities, ) <br> ) <br> Defendants. ) | **ORDER** |

This matter is before the court on Defendants' motion to stay discovery pending the court's ruling on their motion to dismiss. Plaintiff has not filed a response in opposition, and the time for doing so has expired. Accordingly, the motion is ripe for ruling.

Whether to grant or deny a motion to stay proceedings "is a decision made in the exercise of discretion by the district court as part of its inherent power to control its own docket." *Westfield Ins. Co. v. Weaver Cooke Const., LLC*, No. 4:15-CV-169-BR, 2017 WL 818260, at *2 (E.D.N.C. Mar. 1, 2017) (quoting *Sam Yang (U.S.A.), Inc. v. ENI Dist, Inc.*, No. 1:16-CV-2958-JKB, 2016 WL 7188447, at *1 (D. Md. Dec. 12,

2016)). It calls for the court to exercise its judgment in weighing the various, competing interests of the parties to an expeditious and comprehensive disposition of all claims. *United States v. Georgia Pac. Corp.*, 562 F.2d 294, 296 (4th Cir. 1977) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)).

Factors that may be considered in deciding whether to grant a stay include the length of the requested stay; any hardship to the moving party if the action is not stayed; potential prejudice to the non-movant; and interests of judicial economy, including the potential avoidance of duplicative litigation. *United States ex rel. Aarow Elec. v. Cont'l Cas. Co.*, No. 1:16-CV-3047-ELH, 2017 WL 3642957, at *6 (D. Md. Aug. 24, 2017); *see also Westfield Ins. Co.*, 2017 WL 818260, at *2 (quoting *Sam Yang (U.S.A.), Inc.*, 2016 WL 7188447, at *3). Where a party seeks to stay discovery pending resolution of a dispositive motion, "[f]actors favoring issuance of a stay include the potential for the dispositive motion to terminate all the claims in the case or all the claims against particular defendants, strong support for the dispositive motion on the merits, and irrelevancy of the discovery at issue to the dispositive motion." *Yongo v. Nationwide Affinity Ins. Co. of Am.*, No. 5:07-CV-94-D, 2008 WL 516744, at *2 (E.D.N.C. Feb. 25, 2008) (quoting *Tilley v. United States*, 270 F. Supp. 2d 731, 735 (M.D.N.C. 2003)).

The balance of factors here weighs in favor of a stay of discovery. Defendants' motion to dismiss has the potential to terminate the prosecution of this action in its entirety or as to the individual defendants. Discovery does not appear necessary to the resolution of Defendants' motion, though that is not entirely clear as Plaintiff has

not yet responded to the motion to dismiss. It does not appear that Plaintiff would be particularly prejudiced by a short delay, especially given her request for an extension of time to respond to the motion to dismiss. Finally, the court takes judicial notice of the fact that a recent lapse in federal appropriations has resulted in the furlough of staff of the United States Attorney. This further supports a stay of discovery in this matter.

## CONCLUSION

In the interests of justice, the court GRANTS Defendants' motion [DE #16] and STAYS discovery in this matter pending resolution of Defendants' motion to dismiss [DE #13].

A Scheduling Order setting forth discovery deadlines and pretrial procedures will be entered, if appropriate, upon the court's disposition of Defendants' motion to dismiss. Within twenty-eight (28) days after the court's ruling on Defendants' motion to dismiss, the parties shall confer and submit, if appropriate, a Rule 26(f) report and discovery plan for the court's consideration.

This 23rd day of October 2025.

_____
KIMBERLY A. SWANK
United States Magistrate Judge