IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:25-CV-000242-M-KS

| | | |
|---|---|---|
| CHRISTINE THOMAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | FEDERAL DEFENDANTS' |
| v. | ) | RESPONSE TO COURT |
| | ) | ORDER [D.E. 22] |
| | ) | |
| | ) | |
| UNITED STATES DEPARTMENT, | ) | |
| DEPARTMENT OF JUSTICE, ET AL. | ) | |
| | ) | |
| Defendants. | ) | |

Federal Defendants United States Department of Justice Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"), Todd Blanche, Timothy Lang ("Lang"), Ernest Littner ("Littner"), Mark Jackson ("Jackson"), Wade Brashier ("Brashier"), and Joseph Mastrianna ("Mastrianna") (together, "Federal Defendants"), by and through the United States Attorney for the Eastern District of North Carolina, hereby submit this Response to this Court's July 2, 2026 Court Order [D.E. 22] requesting Defendants submit a copy of the case, *"Bowers v. Transp. Sec. Admin.*, 2015 WL 3442014, at *2 (E.D. Va. May 27, 2015)," cited by in the Federal Defendants their memorandum in support of their motion to dismiss. [D.E. 13 at 11.]

After reviewing the Court's Order, undersigned counsel searched the Eastern District of Virginia's PACER, Westlaw, other publicly filed sources and databases, her email account and other professional files, and the files of the case and did not

1

locate a copy of *Bowers*. This case does not exist. Undersigned counsel apologizes for including an improper citation.

During her search, undersigned counsel located two emails she sent to herself that included the citation in question and most likely led to its inclusion in the brief. Undersigned counsel believes that this information likely came from an open-source internet search. Undersigned counsel could find no indication of the exact search engine where the citation originated, they are simply in the email. To the best of her recollection, and based on her practice at the time, undersigned counsel likely conducted a Google search of Title VII venue and found it in those results. Undersigned counsel cannot replicate the same search result now, despite efforts to do so. Undersigned counsel's practice often includes initial open source internet searches, most frequently Google, to start with a basic overview of law and legal issues when researching that allows her to hone her searches in legal research databases such as Westlaw.

By way of explanation and not excuse, in Summer and Fall 2025, when undersigned counsel was researching and writing D.E. 13, she does not remember how she found the citation in question. Most likely, she performed an internet search that returned the non-existent case. At that time, she did not know that Google and similar search engines were incorporating AI-generated results in their basic web-browser search engine that could potentially include "phantom" citations. Since then, this issue has become widely publicized in the legal profession and a concern everywhere. Now, over a year later, undersigned counsel understands this fact and

2

does diligently verify the accuracy of every citation in any filing with the Court. At no time has undersigned counsel intentionally used overtly AI-specific platforms to conduct legal research for her job without doing a full further check of any law and citations. Undersigned counsel fully acknowledges that her citation to *Bowers* is consistent with well-recognized concerns about AI "hallucinations," and this does appear to be such a "hallucinated" case.

Undersigned counsel is now aware that reliance on open source internet searches that result in a case citation, without further verifying the accuracy of the citation, does not measure up to the standard expected of attorneys, much less Assistant United States Attorneys who practice in this District. It is undersigned counsel's duty as an officer of the court to accurately present law and argument to the Court and ensure that all citations are fully accurate. Undersigned counsel inadvertently failed to fully comply with that obligation in the single instance of this citation.

While it would not be appropriate to include any additional argument or citations in this brief, undersigned counsel believes that the United States can support its legal position if the Court allows it to submit a substituted citation.

Further, the United States Attorney's Office for the Eastern District of North Carolina has recently implemented policies to prevent AI-generated citations from being filed with the Court. Beginning in March 2026, six months after D.E. 13 was filed, the Civil Division implemented a process to review all substantive public filings using a Westlaw electronic cite-checking tool. One purpose of this process is to

identify hallucinated citations and quotations, regardless of source. Unfortunately, this process did not exist when the Memorandum at issue was filed, and undersigned counsel did not know about the cite-checking tool to review the Memorandum at that time. Undersigned counsel acknowledges that the Westlaw tool would have flagged the *Bowers* citation as problematic, guiding her to correct the issue internally. While this does not solve the problem at hand, the new process should prevent recurrence in the future. In addition, after the Court's Order, undersigned counsel reviewed her publicly filed briefs in other pending matters through the new Westlaw cite check process, and while she identified a few minor scrivener's errors in case citations, she found no other hallucinated case citations in this case or any others.

Undersigned counsel accepts responsibility for this mistake and apologizes to both this Court and Plaintiff.

To rectify this, the United States requests this Court allow it to:

1.) File a Motion to Amend the Memorandum in Support of the Motion to Dismiss

2.) File an Amended Memorandum with a correct citation to a case that contains the same legal concept wrongly attributed to *Bowers*, and to include a second reference to a case already included in the original Memorandum.

A Motion to File an Amended Memorandum in Support of Motion to Dismiss will be filed with this response.

4

Respectfully submitted, this 15th day of July, 2026.

W. ELLIS BOYLE
United States Attorney

BY:     */s/ Katherine Asaro*
KATHERINE ASARO
Assistant United States Attorney
Eastern District of North Carolina
150 Fayetteville Street, Suite 2100
Raleigh, NC  27601
Telephone: (919) 856-4849
Email: katherine.asaro@usdoj.gov
NC Bar # 44185


*Attorney for United States of America*

5

## <u>CERTIFICATE OF SERVICE</u>

I do hereby certify that I have this 15th day of July, 2026 served a copy of the

foregoing upon the below-listed party by electronically filing the foregoing with the

Court on this date using the CM/ECF system or placing a copy in the U.S. Mail to the

following:

Valerie L. Bateman
New South Law Firm
209 Lloyd Street
Suite 350
Carrboro, NC 27510
Email: valerie@newsouthlawfirm.com

BY:  */s/ Katherine Asaro*
KATHERINE ASARO
Assistant United States Attorney
Eastern District of North Carolina
150 Fayetteville Street, Suite 2100
Raleigh, NC  27601
Telephone: (919) 856-4849
Email: katherine.asaro@usdoj.gov
NC Bar # 44185


*Attorney for United States of America*

6